IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, #146986, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-781-ID |
| ) | [WO] |
| ) | |
| NURSE WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Alexander Brinson ["Brinson"], a state inmate and frequent federal litigant. In this complaint, Brinson complains that health care personnel at the Easterling Correctional Facility denied him adequate medical treatment during December of 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

Upon initiation of this case, Brinson filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Brinson, while incarcerated or detained, has on at least four occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Brinson v. Frith, et al.*, Case No. 2:97-CV-1022-WHA-JLC (M.D. Ala. 1997), (2) *Brinson v. Nix, et al.*, Case No.2:97-CV-906-WHA-JLC (M.D. Ala. 1997), (3) *Brinson v. Jones, et al.*, Case No. 2:95-CV-1548-ID-JLC (M.D. Ala. 1996), and (4) *Brinson v. Jones, et al.*, Civil Action No. 2:95-CV-1547-MHT-JLC (M.D. Ala. 1996).[2]

In the instant complaint, Brinson presents allegations regarding medical treatment provided to him during December of 2007.  Specifically, Brinson maintains health care personnel failed to properly monitor his medication intake thereby allowing him to hoard

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

[2]The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

medication and attempt suicide by overdose on December 11, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

After thorough review of the claims presented by Brinson, it is clear that such claims do not entitle him to circumvent the directives of § 1915(g) as the allegations made the basis of the pending complaint relate to medical treatment provided in December of 2007 and fail to establish an "imminent danger of serious physical injury" to Brinson at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C.§ 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to evade application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Brinson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Brinson failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies

the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Alexander Brinson (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before September 10, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.


*Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of August, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE